**06-CV-05190-STIP**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTOPHER VELTO, a Washington citizen,<br><br>Plaintiff,<br><br>v.<br><br>DRAEGER MEDICAL, INC., a Pennsylvania Corporation,<br><br>Defendant. | Case No. C06-5190 RBL<br><br>STIPULATED PROTECTIVE ORDER |

Plaintiff Christopher Velto and defendant, Draeger Medical, Inc., hereby stipulate that the following Protective Order shall apply to all documents and information produced or disclosed between the parties in connection with this action, including, but not limited to those documents disclosed prior to the formal commencement of this litigation and those disclosed through formal and/or informal discovery during this litigation.

## PROCEDURES AND DEFINITIONS

1.  <u>Designation as Confidential</u>

Any party or non-party discovery respondent in this case may designate as confidential any document or testimony that contains confidential or proprietary information. This may be accomplished by stamping documents "CONFIDENTIAL" or by any other method reasonably calculated to apprise others that a document has been designated as

STIPULATED PROTECTIVE ORDER- 1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA 98101
206-622-1711

SEA/115527/148838/SPB/366917.1

1  confidential. The parties may also designate as "CONFIDENTIAL" information produced
2  by third parties in response to discovery requests made in this case. With respect to all
3  deposition testimony and deposition exhibits, it shall be the duty of the party or witness
4  claiming confidentiality as to such testimony or exhibits to designate them as confidential at
5  the time of the deposition or within fifteen (15) calendar days after receiving the deposition
6  transcript. Confidential information within the deposition transcript may be designated by
7  underlining the portions of the pages that are confidential and marking such pages as
8  "CONFIDENTIAL." Deposition exhibits may be designated by marking the pages as
9  "CONFIDENTIAL." Deposition testimony and exhibits may also be designated as
10 confidential at the time of the deposition by identifying such testimony or exhibits on the
11 record of the deposition. From the time of the taking of the deposition and continuing until
12 expiration of the 15-day period, the entire deposition and exhibits will be treated as
13 confidential and subject to protection against disclosure under this Protective Order. If no
14 party or deponent timely designates confidential information in a deposition, then no part of
15 the transcript or its exhibits will be treated as confidential. When a party designates
16 deposition testimony or exhibits as confidential, except by designation on the record of the
17 deposition, that party shall notify all other parties by letter of designations within the 15-day
18 period for designation of confidential information.
19      Any party or non-party discovery respondent may retroactively designate as
20 confidential any document that contains confidential or proprietary information. The
21 document will be subject to all terms and conditions of this Order immediately upon
22 notification by any party or third-party discovery respondent to all other parties. The parties
23 agree to make available documents previously obtained through formal or informal discovery
24 so that they may be designated as confidential, within three (3) business days of receiving
25 notification from any party or third-party discovery respondent.
26 //

STIPULATED PROTECTIVE ORDER- 2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA 98101
206-622-1711

SEA/115527/148838/SPB/366917.1

2. <u>Confidential Information</u>

Items considered confidential include, but are not limited to, customer information, purchasing orders and preferences, non-public asset information of customers, information ordinarily considered private and confidential in the banking or medical industry, personal files of non-parties, and any such similar information that a party deems confidential. Proprietary information includes, but is not limited to, all internal policies and procedures, compensation plans, marketing strategies, budgeting plans, any and all customer information provided by Defendant, and all customer lists. Confidential and proprietary information includes information found in documents, electronic dates, and testimony.

3. <u>Access to Confidential Information</u>

The parties agree that no document or testimony designated as confidential will be disclosed to anyone except the following persons:

A. The parties and their officers, directors, employees and representatives, including outside and in-house counsel, who have a need for such information for purposes of this litigation;

B. Experts and consultants retained by any of the parties who have a need for such information to assist in this litigation;

C. Any person who prepared or assisted [SS] in the preparation of such information and/or has or had access to or prior knowledge of such information from a contact other than this litigation;

D. Any deposition or trial witness, where necessary to the testimony of such witness in this litigation;

E. The Court, jury, court personnel, court reporters, and similar personnel; and

F. Any other person with the prior written consent of the designating party.

//

//

STIPULATED PROTECTIVE ORDER- 3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA 98101
206-622-1711

SEA/115527/148838/SPB/366917.1

## CONSENT TO BE BOUND

4. *Notice of Order*

Any of the persons listed above shall be bound to use confidential documents and testimony, and the information contained therein, solely for purposes of this litigation. Before receiving, being shown, or using confidential documents or testimony, the persons listed above, shall be shown a copy of this Order and shall agree in writing or verbally on the record during deposition or trial to be bound by this and all other terms contained herein. Should any deponent or witness refuse to consent to be bound by the terms of this Order, disclosure of confidential documents or testimony to the witness during the deposition shall not constitute a waiver of the protections of this Order. Under such circumstances, the witness shall be asked to sign the original deposition transcript in the presence of the court reporter, and no copy of the transcript or related exhibits shall be given to the deponent.

## CHALLENGE TO DESIGNATIONS

5. *Notification and Challenge*

If any party challenges the designation of any document or testimony as confidential that party shall notify all interested parties of its intent to challenge the confidentiality designation and all parties shall negotiate in good faith to resolve any dispute in this regard without resorting to the Court. If the parties are not able to resolve such a dispute, the party objecting to the confidentiality designation may apply to the Court by motion for appropriate relief; provided, however, that the protections under this Order shall continue to apply until such time as the Court has ruled to the contrary. The party challenging the designation of a document or testimony shall have the burden of demonstrating to the satisfaction of the Court that it does not contain sensitive proprietary information, the public disclosure of which would cause harm to the producing party.

//

//

STIPULATED PROTECTIVE ORDER- 4

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA 98101
206-622-1711

SEA/115527/148838/SPB/366917.1

**OTHER PROVISIONS**

6. <u>Filing Under Seal</u>

All documents and testimony filed with the Court that have been designated as confidential shall be filed under seal, unless the parties stipulate and agree in writing to the contrary.

7. <u>Return of Documents</u>

Upon completion of this case, and at the request of any party that has designated documents or testimony as confidential, the original and all copies of such documents and transcripts of such testimony shall be returned to counsel for the designating party. Alternatively, the designating party may, at that party's sole discretion, instruct the party in possession of confidential documents or transcripts containing confidential testimony to destroy such documents and transcripts and to certify to counsel for the designating party that its instructions have been carried out.

8. <u>Use by Parties</u>

Nothing in this Order shall prevent or limit any designating party from using or disclosing the documents or testimony it has designated in any manner or for any purpose.

9. <u>Application to Court</u>

This Order is without prejudice to the right of any party to apply to the Court for an order permitting the disclosure of any confidential document or testimony or to apply for an order modifying or limiting this Order in any respect.

Similarly, nothing herein shall prevent a party from seeking any change or modification of this Order, including, but not limited to, seeking to add persons to those designated in paragraphs 4 and/or 5 to whom the documents may be produced to, or as to who is bound by this Order.

Additionally, nothing herein shall foreclose any party from requesting any further or additional protective orders. The Court reserves the right to make any changes or

STIPULATED PROTECTIVE ORDER- 5

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA 98101
206-622-1711

SEA/115527/148838/SPB/366917.1

1. modifications to this Order that it determines to be appropriate and to enter further orders, as appropriate, upon the request of either party.

10. <u>Requests for Confidential Documents</u>

If any party receives a subpoena or any other notice requesting documents designated as confidential pursuant to the terms of this Order, that party must immediately notify counsel for all other parties.

11. <u>Injunctive Relief</u>

If confidential material is disclosed to persons other than those listed in Section 2 of this Order, irreparable injury would occur which would not be compensable solely by money damages. Therefore, injunctive relief is an appropriate remedy for any violation of this Order.

THEREFORE, the parties agree that injunctive relief is an appropriate remedy for any violation of this Order.

IT IS SO STIPULATED:

Dated: 12/5/06                                    Dated 11/28/06

SCHWABE, WILLIAMSON & WYATT, PC         HAGLUND, KELLEY, HORNGREN & JONES, LLP

By: /s/ Stephanie Berntsen                     By: /s/ Shay S. Scott
Elizabeth A. Schleuning, WSBA #16077        Shay S. Scott, WSBA #23760
Stephanie P. Berntsen, WSBA #33072          Attorneys for Plaintiff, Christopher Velto
Attorneys for Defendant,
Draeger Medical, Inc.

STIPULATED PROTECTIVE ORDER- 6

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA 98101
206-622-1711

SEA/115527/148838/SPB/366917.1

1

**ORDER**

2   Based on the Court's review of the stipulation of the parties, a Protective Order shall

3   be entered, IT IS SO ORDERED.

4   DATED this 11th day of December 2006.

*[signature]*

United States District Court
Judge Ronald B. Leighton

STIPULATED PROTECTIVE ORDER- 7

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA 98101
206-622-1711

SEA/115527/148838/SPB/366917.1