HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Christopher Velto, a Washington Citizen,<br><br>Plaintiff,<br><br>v.<br><br>Draeger Medical, Inc., a Pennsylvania Corporation, and Salus Surgical Group, LLC, a Delaware Limited Liability Company<br><br>Defendants. | Case No. C06-5190RBL<br><br>ORDER ASSERTING PERSONAL JURISDICTION OVER DEFENDANT AND REQUESTING A SUPPLEMENTAL EVIDENTIARY HEARING |

THIS MATTER is before the Court on plaintiff Christopher Velto's ("Velto") Response to an Order to Show Cause [Dkt. # 76] and Velto's Motion for Entry of Default Judgment against defendant Salus Surgical Group, LLC ("Salus") [Dkt. # 70]. For reasons stated below, the Court **ASSERTS** Personal Jurisdiction over Salus, and **DENIES WITHOUT PREJUDICE** Velto's Motion for Entry of Default Judgment. The Court requests a Supplemental Evidentiary Hearing to determine the amount of plaintiff's damages.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff Velto is a resident of Washington and an employee of Draeger Medical. Draeger Medical was hired by Century City Doctors Hospital, LLC ("CCDH") to build the Century City Doctor's Hospital ("Hospital") in California. CCDH is a limited partnership and defendant Salus is the managing member of that partnership. Salus is a Limited Liability Company incorporated in Delaware with its principle place of business in Beverly Hills, California. Salus operates numerous surgical centers in Ohio, New Jersey, and California, including the Century City Doctor's Hospital.

Draeger Medical placed Velto in charge of building the Century City Doctor's Hospital. Velto originally worked on the Hospital from an on site office. Velto claims he suffered adverse health consequences resulting from his exposure to excessive heat, smoke and fume-clogged air, and asbestos dust while working on site. He allegedly asked his employer multiple times to move him and his staff, or provide filtration and air conditioning systems for the office. Velto claims these concerns were not sufficiently addressed until late into the project. Plaintiff then filed a worker's compensation claim on April 29, 2005 for physical symptoms he was experiencing as a result of working on site. Around April 2005, plaintiff's treating physician recommended he change occupations and refrain from returning to the Hospital worksite.

To avoid the allegedly harmful worksite, Velto lived and maintained a home office in Vancouver, WA. While working at home, he participated in numerous conference calls with CCDH management. Velto claims that CCDH verbally harassed him on the telephone, and this harassment constituted the tort of Outrage. Plaintiff alleges that CCDH demanded that plaintiff return to the unsafe worksite, and blamed him for delays in the installation of an information and monitoring system. Delays that plaintiff claims were out of his control. Draeger Medical then terminated plaintiff on October 6, 2005, citing communication issues.

Plaintiff brings this suit against defendants Draeger Medical, Salus, and CCDH. Velto claims that Salus is responsible for emotional distress resulting from this harassment, in addition to the physical effects of being forced to work on-site. Salus has not appeared or answered, and has not responded to the plaintiff's

motion. Velto filed a Motion for Default Judgment on April 27, 2009. He seeks a Default Judgment of $85,000 for lost wages, emotional distress and gastrointestinal distress resulting from Salus' actions.

## II. PERSONAL JURISDICTION OVER SALUS SURGICAL GROUP

The Court ordered the plaintiff to show cause that it had personal jurisdiction over Salus, and Velto responded [Dkt. # 75, 76]

Velto asserts that this Court has personal jurisdiction over Salus. Washington's Long Arm Statute vests the courts with personal jurisdiction over a defendant, within or without the state, for "the commission of a tortious act within this state." R.C.W. 4.28.185(b). When a non-resident party's actions satisfy the three step test prescribed by the Washington State Courts, a Court sitting in diversity jurisdiction shall use the Washington State Long Arm Statute to assert personal jurisdiction.

A Court has specific jurisdiction over a non-resident defendant if: (1) The nonresident defendant or foreign corporation purposefully does some act or consummates some transaction in the forum state; (2) the cause of action arises from, or is connected with, such act or transaction; and (3) the assumption of jurisdiction by the forum state does not offend traditional notions of fair play and substantial justice. *See, e.g., Perry v. Hamilton*, 51 Wn. App. 936, 939, 756 P.2d 150 (Wash. 1988). *See also Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)(outlining a similar three part test for federal due process analysis of specific jurisdiction). Considering the facts in the light most favorable to the plaintiff, the Court does have personal jurisdiction over Salus. Salus did make contact with Velto in Washington, the cause of action arose from that contact, and Salus has failed to demonstrate that jurisdiction by this Court would be unfair or result in substantial injustice.

Salus' actions satisfy the three steps of the specific jurisdiction test. Salus allegedly committed a wrongful intentional act by subjecting the plaintiff to verbal abuse and humiliation during conference calls. [Dkt. #9]. Salus knew that Velto was a resident of Washington and that he was located at his home office in Washington while on the conference calls. [Dkt. #77]. The cause of action arose from the conference calls

with Salus.

During these conference calls representatives of the defendant allegedly berated and verbally abused Velto for refusing to work on site. Velto claims this harassing contact resulted in damages to his physical and mental health. [Dkt. #9] Therefore, unless Salus shows that "the presence of some other considerations would render jurisdiction unreasonable," this Court shall have personal jurisdiction over Salus. *Caruth v. International Psychoanalytical Ass'n,* 59 F.3d 126, 128 (9th Cir. 1995) (citing *Core-Vent Corp v. Nobel Industries AB*, 11 F.3d 1482, 1487 (Cal. 1993)(quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985)). The defendant has not appeared and the exercise of personal jurisdiction is not unreasonable. For these reasons, the Court has personal jurisdiction over Salus.

### III. SUPPLEMENTAL EVIDENTIARY HEARING TO DETERMINE DAMAGES

Velto claims damages of $85,000 resulting from Salus' actions. The Court is reluctant to issue a default judgment against Salus without more evidentiary support for Velto's claimed damages. When there is a lack of evidentiary support for claimed damages, default judgments are ordinarily disfavored by the Courts. However, Rule 55(b)(2) allows a default judgment against a party upon a motion by the non-defaulting party. Fed. R. Civ. P. 55(b)(2). Granting or denying a default judgment is within the Court's sound discretion. *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986). Factors in deciding whether to award a default judgment include substantive merits of the plaintiff's claim, sufficiency of the complaint, possibility of dispute as to any material facts in the case, the amount of money at stake, whether default resulted from excusable neglect, and the prejudice to plaintiff resulting from defendant's behavior. *Eitel v. McCool,* 782 F2d 1470, 1471-1472 (9th Cir. 1986). The Court has the power to conduct a hearing if it needs to determine the amount of damages. Fed. R. Civ. P. 55(b)(2)(B). A Supplemental Evidentiary Hearing is necessary to determine damages.

Velto fails to provide competent proof of the $ 85,000 he seeks in damages in his Motion for Default

Judgment and the supporting documents. Plaintiff does not adequately demonstrate the merits of the case and the amount of money at stake. The memoranda and affidavits do not provide specific evidentiary support regarding the costs and causes of the claimed physical and mental health effects [Dkt. #71-74]. No connection has been made between the conference calls and alleged damages. Therefore, a Supplemental Evidentiary Hearing is required to establish plaintiff's definite and certain damages resulting from the alleged actions of Salus.

It is **ORDERED** that the plaintiff Christopher Velto has established that the Court has personal jurisdiction over defendant Salus Surgical Group, LLC. Plaintiff's Motion for Entry of Default Judgment against defendant Salus Surgical Group is **DENIED WITHOUT PREJUDICE**. Plaintiff's counsel should contact the clerk of the Court to arrange a Supplemental Evidentiary Hearing.

Dated this 12th day of June, 2009.

/s/ Ronald B. Leighton

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE